UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROBERT BARRETT,
                        Plaintiff,

                                                   **MEMORANDUM & ORDER**

               - against -

                                                   07 CV 2483 (RJD) (LB)

DR. PETER GOLDSTEIN, Clinical Director; J.
SAINT-PREUX, MLP, MDC-Brooklyn; M.
BORECKY, M.D., Medical Officer, MDC-
Brooklyn,
                        Defendants.
----------------------------------------------------------X

DEARIE, Chief Judge.

       Plaintiff Robert Barrett brings this *pro se* action against three medical personnel working for the Metropolitan Detention Center (MDC) in Brooklyn, alleging medical malpractice and constitutional violations stemming from the treatment of a finger injury plaintiff sustained while working as an orderly at the MDC. Defendants move to dismiss, or, in the alternative, for summary judgment. For the reasons stated below, defendants' motion to dismiss is granted.

## BACKGROUND

       Plaintiff was incarcerated at the MDC in Brooklyn from February 22, 2006 until December 7, 2006, at which point he was transferred to FCI Fairton. He was released from custody on April 1, 2009. On April 21, 2006, Plaintiff injured his right ring finger when a housing unit door closed on his hand while working on trash detail at the MDC. Am. Compl. 3. Plaintiff alleges that after the incident he immediately notified a corrections officer of his injury, and was told to complete a "cop-out" informing the MDC's medical department of his injuries.

Am. Compl. 3. Defendant J. Saint-Preux, a Mid-Level Provider (MLP) at the MDC, examined plaintiff four days later, on April 25, 2006. Plaintiff alleges that he told Saint-Preux that he was "in a great deal of pain and believed his finger to be broken." Am. Compl. 3. Saint-Preux splinted plaintiff's finger, ordered x-rays, and prescribed pain relievers. The x-ray results indicated that plaintiff's finger had a non-displaced chip fracture and soft tissue swelling.

Plaintiff was seen by Dr. Goldberg on June 9, 2006, who plaintiff alleges told him that nothing could be done for his finger. Am. Compl. 3. Dissatisfied with the diagnoses, plaintiff initiated an administrative appeal requesting a second opinion with an outside orthopedic surgeon. During an examination by Dr. Borecky on September 6, 2006, plaintiff reiterated his request that he be seen by an orthopedic surgeon. Am. Compl. 3. Dr. Borecky denied that request, explaining to plaintiff that his injury did not require such a specialized consult, but allegedly did tell plaintiff that a contract orthopedist would eventually evaluate plaintiff.

On October 11, 2006, plaintiff was seen by Dr. Kohanowitz, the contract orthopedist. Kohanowitz diagnosed plaintiff with "mallet finger," and determined after an x-ray that plaintiff had a dorsal plate fracture in the base of his finger. Plaintiff alleges that Dr. Kohanowitz told him that the splint that had previously been placed on plaintiff was incorrect. Am. Compl. 3. Furthermore, plaintiff claims that Kohanowitz stated that "had the x-rays been read properly it would have revealed that the tendon in the finger had been damaged as well." Id. Dr. Kohanowitz referred plaintiff to a hand specialist and issued a splint. Plaintiff was seen by the specialist on December 6, 2006, who similarly diagnosed plaintiff with mallet finger, and recommended that plaintiff wear a splint for six weeks. Plaintiff allegedly refused to do so. Plaintiff was transferred to FCI Fairton the following day, where additional x-rays were taken on

December 12, 2006.

Plaintiff originally filed this action on June 19, 2007. His amended complaint, filed on March 28, 2008, alleges that he "suffered from Deliberate Indifference by staff at MDC-Brookly (sic), Medical Department and suffers permanent disfigurement of his finger and lost of quality of life." Am. Compl. 3. Furthermore, plaintiff concludes that "a cause of action exists in this case, and the defendants, cannot deny the approximate cause and or the resulting 'damage' because of the defendant's deliberate indifference to plaintiff's dire medical condition." Id. Plaintiff characterizes his claim as a Bivens action, but also makes repeated references to the Federal Tort Claims Act (FTCA).

## DISCUSSION

### A. Rule 12(b)(6) Motion to Dismiss Standard

As the Supreme Court has recently held, in order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft at 1949. The Supreme Court further noted that '[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. However, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Boykin v. KeyCorp, 521 F.3d

3

202, 214 (2d Cir. 2008), quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted).[1]

**B. *Bivens* Claim**

Plaintiff brings this action against three medical officials at the MDC in their individual capacities, alleging constitutional violations pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). As a convicted inmate, plaintiff's allegations of "Deliberate Indifference" in the treatment of his medical condition are construed as alleging violations of the Eighth Amendment's prohibition on cruel and unusual punishment. U.S. Const. amend. VIII. The Eight Amendment "applies to prison officials when they provide medical care to inmates." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976). In order "to establish an unconstitutional denial of medical care, a prisoner must prove deliberate indifference to [his] serious medical needs." Hathaway at 66, quoting Estelle at 104 (internal quotation marks omitted).

First, a plaintiff must allege that his condition is "in objective terms, 'sufficiently serious.'" Hathaway, 37 F.3d at 66 (2d Cir. 1994), quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991). Such a condition "exists where the failure to treat a prisoner's condition could result in significant further injury or the unnecessary and wanton infliction of pain." Harrison v. Barkley, 219 F.3d. 132, 136 (2d Cir. 2000) (internal citations omitted). Second, the "charged official must act with a sufficiently culpable state of mind." Hathaway, 37 F.3d at 66. "An official acts with

---

[1] Because plaintiff's amended complaint is legally deficient on its face, as discussed below, the Court declines to entertain defendants' alternative motion for summary judgment.

the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff suffered a broken finger. While the injury undoubtedly caused plaintiff significant pain, "[m]ost courts have held that a broken finger does not constitute a serious medical need." Revenell v. Van Der Steeg, 2007 U.S. Dist. LEXIS 17868 (S.D.N.Y. Mar. 14, 2007). See also Johnson v. Snow, 2008 U.S. Dist. LEXIS 41823, at *7-9 (N.D.N.Y May 27, 2008) (chip fractures in hand not considered serious medical condition); Henderson v. Doe, 1999 U.S. Dist. LEXIS 8672 at *6 (S.D.N.Y. June 10, 1999) (broken pinky finger not serious medical condition); Anderson v. Chou, 2006 U.S. Dist. LEXIS 65305 at *7 (E.D.N.Y. Sept. 12, 2006) (injury to the third finger of right hand found to be minor); Rivera v. Johnson, 1996 U.S. Dist. LEXIS 14192, at *6-7 (W.D.N.Y. Sept. 20, 1996) ("A broken finger, without more, simply does not present a condition of urgency of the type that may produce death, degeneration or extreme pain which correspondingly merits constitutional protection."). Accordingly, the Court finds that plaintiff's injury does not constitute a serious medical condition for purposes of an Eighth Amendment Bivens claim.

Even if the Court were to hold that plaintiff's broken finger satisfied the first element of a Bivens medical claim, however, his claim would fail because none of plaintiff's allegations suggests that any of the three defendants had a sufficiently culpable state of mind to establish deliberate indifference.

Plaintiff alleges that Dr. Kohanowitz told him that the splint issued by defendant Saint-Preux was incorrect, and that Saint-Preux misread the x-rays, thus failing to notice damage to plaintiff's tendon. Am. Compl. 3. At least one of the administrative complaints attached to plaintiff's amended complaint suggest that plaintiff desired corrective surgery for his finger, which was denied. Am. Compl., Ex. C.

At best, plaintiff's allegations amount to a medical malpractice claim. In fact, plaintiff himself describes his lawsuit as a "Bivens Action" alleging "Medical Malpractice, in violation of his Constitutional rights . . . " Am. Compl. 1. However, mere malpractice allegations do not rise to the level of a constitutional violation in the context of a Bivens claim. As the Supreme Court noted in Estelle v. Gamble, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

While plaintiff may have desired corrective surgery, plaintiff makes no allegations that any medical professional – including Dr. Kohanowitz – had ever suggested that such surgery was appropriate. A "prisoner's right is to medical care – not the type or scope of medical care which he personally desires." United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 868 (2d Cir. 1970). Moreover, "mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment." Aho v. Hughes, 2005 U.S. Dist. LEXIS 22790 (D. Conn. 2005). Ultimately there is no violation of the Eighth Amendment "[s]o long as the treatment given is adequate. . . ." Henderson v. Doe, 1999 U.S. Dist. LEXIS 8672 (S.D.N.Y. June 10, 1999).

Plaintiff's own allegations concede that defendants provided plaintiff with an extensive course of treatment, including numerous examinations, multiple x-rays, and splints. While plaintiff alleges that such care was given negligently, the critical point is that care was given. While plaintiff would have preferred corrective surgery – elective surgery that may not have even been appropriate in this case – his own allegations fail to suggest that defendants acted with any indifference to plaintiff's injury.

Because plaintiff's allegations fail to satisfy either required element of a Bivens claim for deliberate indifference, that claim is dismissed in its entirety.

### C. Federal Tort Claims Act (FTCA) Claim

Plaintiff clearly states that his lawsuit is a Bivens action. Am. Compl. 1. However, at various points plaintiff makes passing reference to the Court's jurisdiction under the Federal Tort Claims Act, and asserts that "Plaintiff has submitted a Tort claim under the (FTCA) . . . ." Am. Compl. 1-3. Moreover, plaintiff's opposition to defendant's motion argues that he has alleged "a Federal Tort Claim under the Federal Tort Claim Act ("FTCA") . . . to recover damages for personal injury due to the April 21, 2006, injury; and the deliberate indifference by staff at MDC-Brooklyn & Medical Department, led to permanent disfigurement of his finger and loss of quality of life." Pl. Reply 2. The Court, as it must, therefore liberally construes plaintiff's complaint as asserting an FTCA claim in addition to his primary Bivens claim.

Plaintiff filed an administrative tort claim on September 7, 2006. Attached to plaintiff's declaration is a copy of Standard Form 95 ("Claim for Damage, Injury, or Death), which plaintiff submitted to the Northeast Regional Office of the Federal Bureau of Prisons, alleging

7

"inadequate/negligent medical care in the treatment and care he is currently receiving for the fracture on his right hand." Pl. Dec., Ex. A. Plaintiff received a denial of this claim on June 7, 2007, from the Northeast Regional Office, which indicated that plaintiff's claim had been considered under the FTCA, and that if plaintiff was "dissatisfied" with the decision, he could bring an action against the United States in the appropriate District Court. Id.

Among other purposes, the Inmate Accident Compensation System provides "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126. The Supreme Court has held that this statutory compensation scheme is the exclusive remedy for prisoners who sustain work-related injuries while incarcerated. United States v. Demko, 385 U.S. 149, 152 (1966). Moreover, courts have further held that § 4126 is "the exclusive remedy when a work-related injury is further aggravated by negligence or medical malpractice on the part of prison medical personnel." Moore v. United States, 1988 U.S. Dist. LEXIS 6310, *10 (N.D.N.Y 1988). *See also* R.P. v. United States, 1980 U.S. Dist. LEXIS 13651, *3-4 (S.D.N.Y. 1980).

Plaintiff himself describes the events surrounding his initial injury as follows: "[W]hile working on a trash detail as an Orderly, plaintiff inadvertently caught his right ring finger in the door as it was closing and smashed it." Am. Compl. 3. Because there is no dispute that plaintiff's initial injury was work-related, the Court therefore finds that it is precluded from considering plaintiff's tort claims under the FTCA. Accordingly, plaintiff's FTCA claims are dismissed for lack of subject matter jurisdiction.

The Court notes that the memorandum sent by the Bureau of Prisons (BOP) on March 16,

2007, denying plaintiff's initial tort claim, indicated that the BOP had considered plaintiff's claim under the FTCA. Pl. Dec., Ex. A. Moreover, the denial memorandum indicated that plaintiff's FTCA claim had been "properly received" by the BOP. Id. Nowhere in any of the communications from the BOP was plaintiff notified that a claim should have been filed pursuant to the procedures set forth under the Inmate Accident Compensation System.

It is the Court's understanding plaintiff was released from prison on April 1, 2009. Under the applicable regulations, which require that a claim be filed no more than 60 days after an inmate's release, plaintiff would now be time-barred from making a claim under the Inmate Accident Compensation System. 28 C.F.R. 301.303(f). However, the regulations also allow claims to be filed up to one year after an inmate's release "for good cause shown." Id. In light of the failure of the BOP to notify or assist plaintiff in making the proper administrative claim, the Court finds that such cause surely exists in this case. Plaintiff is advised that in order to avail himself of this provision, he must submit a claim directly to the Claims Examiner, Federal Bureau of Prisons, 320 First Street NW, Washington, DC 20534. Id.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is granted. In light of the above discussion, the Court notes that this decision in no way limits plaintiff's ability to pursue administrative relief under the Inmate Accident Compensation Act, pursuant to 28 C.F.R. 301.303(f).

SO ORDERED.

Dated: Brooklyn, New York
      June 26, 2009

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge